UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RANDY JONES, DON CARTER, ROBERT WINTERS, and JOHN BOATFIELD, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:23-cv-00112-TAV-SKL ) |
| DAVID R. ESQUIVEL, and HOWARD JEFFERSON ATKINS, | ) ) ) |
| Defendants. | ) |

## AMENDED REPORT AND RECOMMENDATION[1]

Before the Court is a motion to intervene filed by Michael Stewart [Doc. 8]. Stewart seeks to intervene as a pro se plaintiff in this case, which was filed (also pro se) by four prisoners, Randy Jones, Don Carter, Robert Winters, and John Boatfield ("Plaintiffs"), each of whom claims they received a sentence of lifetime imprisonment in Tennessee state courts prior to 2020. Plaintiffs are attempting to sue Howard Atkins and his attorney, David Esquivel,[2] pursuant to 42 U.S.C. § 1983. The motion was referred for determination or report and recommendation as appropriate pursuant to 28 U.S.C. § 636(b) on June 22, 2023.

---

[1] This Amended Report and Recommendation is issued only to correct a scrivener's error in the case caption used in the original Report and Recommendation [Doc. 11]. The substance of the original Report and Recommendation is unaffected, and this Amended Report and Recommendation does not give rise to a new objection period, notwithstanding footnote 6 herein (footnote 5 in the original Report and Recommendation). The objections filed to the original Report and Recommendation will be deemed to apply to this Amended Report and Recommendation.

[2] Plaintiffs use the spelling "Esquivell," but the correct spelling is Esquivel. The Court uses the correct spelling even when quoting Plaintiffs' complaint.

It appears Esquivel, a private attorney, did not represent any of the current plaintiffs in their state court criminal proceedings, nor did he represent the proposed intervenor, Stewart. In their complaint against Esquivel and Atkins, Plaintiffs allege:

> 27. Howard Jefferson Atkins filed in the Chancery Court of Davidson County, Nashville, Tennessee, requesting declaratory relief.
>
> 28. Attorney David R. Esquivel assisted Howard Jefferson Atkins in obtaining an agreed order to have all post -1995 life sentences calculated in accordance with a 2020 law.
>
> 29. This is a clear violation of Ex Post Facto and Attorney David R. Esquivel should not only be disbarred for allowing his client to agree to an Ex Post Facto violation but for representing all other inmates without knowledge; removing the original terms of their confinement, inflicting them with an Ex Post Facto violation, violating their constitutionally protected Due Process Rights, and inflicting them with cruel and unusual punishment.
>
> 30. All inmates in the Department of Corrections who were sentenced to a life sentence between 1995 and 2020 cannot have this 2020 law applied retroactively to them. This is in violation of Ex Post Facto clause. The recalculation of their sentence is illegal and voids the sentence entirely.
>
> 31. In 1995 the General Assembly passed a bill that required certain crimes to serve 85% of the sentence imposed by the Court.
>
>> (A) The 1995 Amendment to T.C.A. § 40-35-501 stated:
>>
>>> "(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995 that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the **sentence[] imposed** by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." (Emphasis added)
>>
>> (B) The **2020** amendment to T.C.A. § 40-35-501 states:

2

> "(H)(2) There shall be no release eligibility for a person committing first degree murder, **on or after July 1, 1995,** receiving a sentence of imprisonment for life. The person shall serve one hundred percent (100%) of sixty years less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the **sentence imposed by the court** by more than fifteen percent (15%)." (Emphasis added).

32. No person of common intelligence would believe that the 1995 and 2020 clarification amendment, as stated above, have the same meaning and penalties.

33. This 1995 bill does not define a life sentence and it was never defined until the General Assembly passed what they called a clarification bill in 2020. Everyone sentenced to a life sentence between 1995 and 2020 cannot be calculated according to the 2020 law because it did not take effect until 2020.

34. In 1993 the General Assembly passed a sentencing law that REQUIRED the jury in a first degree murder case be told that upon conviction a defendant must serve a minimum of 25 years before being eligible for parole.

35. This law remained in effect and its application to Plaintiffs[ was] protected by the constitution under Substantive Due Process, Equal Protection of the Law, Ex Post Facto and prohibition against cruel and unusual punishment.

36. The General Assembly, in its wisdom, certainly has the right and power to direct the judicial process concerning the range of punishment resulting from a conviction of life or life without the possibility of parole not the Court, Attorneys, Sentence Management Services, or other inmates.

37. A defendant charged with first degree murder has a claimable statutory and constitutional right to not only know the punishment but to have the jury know the range of punishment applicable to the charges before deciding guilt or innocence. To have a defendant that is found guilty of a charge of murder in the first degree denied this right and then sentenced to a punishment greater than that mandated by statute is not only prejudice to the judicial process but violates the plaintiffs' substantial constitutional right of due process, violates the constitutional right to be free from

> cruel and unusual punishment, violates the constitutional right to equal protection of the law and violates the Plaintiffs constitutional rights secured under the United States Constitution.
>
> . . . .
>
> 54. On September 30, 2022 the Chancery Court of Davidson County, Part IV issued a judgment and final Order based upon an agreed order by the Defendants.
>
> 55. The ORDER was agreed upon by Petitioner *Howard Jefferson Atkins*, Attorney *David R. Esquivel*, Assistant Tennessee Attorney General *Andrew M. Mize*.
>
> 56. Just within the past days Sentence Management services has applied this agreed order using "(HB 394/SB 453) **effective July 15, 2020** as Public Chapter 765)" to recalculate Plaintiffs sentence. However, Mr. Atkins sentence has been recalculated with a 25 minimum. This is in violation of Plaintiffs U.S. Constitutional rights secured under Ex Post Facto, Substantive Due Process Clause and prohibition against cruel and unusual punishment.
>
> 57. Mr. Atkins, Attorney *David R. Esquivel*, Assistant Attorney General *Andrew M. Mize* and the Honorable *Russell T. Perkins* do not represent the Plaintiffs and cannot use a 2020 law to violate the Plaintiffs U.S. Constitutional rights.

[Doc. 1 at Page ID # 5-6, 11 (footnotes omitted) (emphasis in original) (some alterations in original)].

Plaintiffs included purported "class action allegations" pursuant to Federal Rule of Civil Procedure 23, and they assert that an unnamed "Plaintiff" brings the case "as a class action on behalf of all inmates in the custody of the Tennessee Department of Correction who are serving a life sentence under the Sentence Reform Act of 1989 until 2021[.]" [Doc. 1 at Page ID #4].

Plaintiffs filed the complaint and paid the filing fee on May 10, 2023. The Clerk issued summons to Plaintiffs on May 22, 2023 [Doc. 6]. Also on May 22, 2023, Plaintiffs filed a notice stating they "have sent the Defendants a Waiver of the service of summons along with the complaint and the prepaid service by mail to return the waiver form." [Doc. 7 at Page ID # 78].

4

To date, no waiver of service form has been filed, nor have any affidavits of service. Neither Defendant has filed an answer or had counsel file an appearance on their behalf.

In his motion to intervene, Stewart writes:

> Succinctly stated, Movant argues that he is a member of a class of plaintiffs in the current matter because the allegations made in the current complaint have direct impact and are similar to constitutional violations that Movant has suffered. Accordingly, Movant seeks to intervene so that he is included in the class of plaintiffs whose constitutional rights have been violated due to the unconstitutionality of the 1989 and 1995 life sentence statutes vagueness and, because, the statutes violate substantive due process protections against cruel, and unusual punishment. Also, Plaintiff argues that the 1989 and 1995 statutes related to life sentences violate Ex Post Facto protections.
>
> In support of Movants request, Movant alleges that in 1989, the State of Tennessee enacted the Tennessee Sentencing Reform Act of 1989. which included T.C.A. § 40-35-501(g) defining a life sentence stating:
>
>> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant. . . .
>
> For over thirty (30) years the Tennessee Department of Correction (hereinafter sometimes referred to as "TDOC") and the state courts have determined that a "sentence of life" (hereinafter referred to as "life sentence") imposed under the Tennessee Sentencing Reform Act of 1989 has no expiration date.
>
> However, in 2018, the Tennessee Supreme Court in Brown v. Jordan, 563 S.W.3d 196 (Tenn. 2018) ruled that the legislature in 1989 interpreted a life sentence to be fixed, determinate time of sixty (60) years.
>
> In approximately 2022, the State of Tennessee, through its duly appointed and designated agent, the State Attorney General, agreed that a life sentence would be calculated at sixty (60) years. See Atkins v. TDOC, Davidson County Chancery Court No. 22-0574-IV. The State's concession in A[t]kins has negatively affected Plaintiff because application of the A[t]kins settlement is a violation

5

of the Ex Post Facto Clause as applied to Plaintiff, and possibly others.

[Doc. 8 at Page ID # 84-85 (other citations omitted)].

Federal Rule of Civil Procedure 24 governs intervention. Under Rule 24(a), a court must permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Under Rule 24(b), the court has discretion to permit intervention where, *inter alia*, a party has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* The court may also consider "other relevant factors." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Further, the "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

It appears Stewart is seeking permissive intervention [*see* Doc. 8 at Page ID # 83 ("Movant's rights have been violated as the named Plaintiffs and the facts of Movant's matter are similar to those raised by the Plaintiffs in this matter.")]. For the reasons set forth below, I recommend that Stewart's motion [Doc. 8] be denied.

First, it appears Plaintiffs and Stewart intend that this case go forward as a class action. However, a "prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action." *Boussum v. Washington*, No. 1:22-cv-12232, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023) (citing *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009)); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("In this case, no representative party was

6

available because pro se prisoners are not able to represent fairly the class.").[3] Even if not pursued as a class action suit, "pervasive impracticalities associated with multiple-plaintiff prisoner litigation . . . militate[] against it." *Boussum*, 2023 WL 112460, at *2 (quoting *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)). For example, "jail populations are notably transitory, making joint litigation difficult." *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)). It is worth noting that in a case in the Middle District of Tennessee (case no. 3:19-cv-00174) involving similar claims, the court found that joinder of approximately fourteen pro se prisoner plaintiffs was improper. Two of the four Plaintiffs in this case are plaintiffs in the Middle District case, as is Stewart.

In addition, the record does not reflect Defendants have been served with the complaint and they are therefore unlikely to have notice of the instant motion. Without notice, they have not had the opportunity to express any opposition to including a fifth pro se prisoner plaintiff in the case against them. Thus, while intervention is not "untimely" in the traditional Rule 24 analysis, the timing of Stewart's motion is nevertheless problematic.[4] Moreover, neither Plaintiffs nor Stewart have articulated any reasonable theory for holding the named Defendants—again, a private attorney and his client—liable pursuant to 42 U.S.C. § 1983. That is, Plaintiffs have not explained how the named Defendants are state actors or how their actions in reaching an agreement in

---

[3] If this case were to proceed as a class action, the presence of Stewart's intervenor complaint would needlessly complicate the litigation, considering Stewart contends he is also member of the putative class.

[4] Stewart purports to have mailed a copy of his motion to "David Esquival, 736 Georgia Ave, Ste. 300, Chattanooga, TN 37402." [Doc. 8 at Page ID # 88]. Plaintiffs have indicated Esquivel's address is in Nashville [Doc. 1 at Page ID # 2].

7

Defendant Atkins's state criminal case makes them responsible for the allegedly unconstitutionally vague nature of Tennessee's criminal sentencing statutes.[5]

Finally, given the nature of Plaintiffs' claims, the value of another pro se plaintiff asserting the vagueness of the sentencing statutes is not clear, at least at this stage of the proceedings and on the current record.

Thus, under the unique circumstances of this multi-pro-se-prisoner-plaintiff case, permitting intervention at this stage is premature, and has the potential to needlessly complicate and delay the proceedings. *See Mountain Laurel Assurance Co. v. Harber*, No. 07-1105-T-An, 2007 WL 9710036, at *4 (W.D. Tenn. Aug. 2, 2007) (finding prejudice to existing parties, reasoning that "[a]dding two additional parties would necessarily complicate the dispute," and "prolong discovery"). Accordingly, I **RECOMMEND**[6] that Stewart's motion to intervene [Doc. 8] be **DENIED WITHOUT PREJUDICE**.

ENTER:

s/ *Susan K. Lee*

---

[5] It is worth noting that by not naming government defendants, Plaintiffs seem to avoid (whether intentionally or not) screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A. *See Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (holding that the "district court properly applied § 1915A because Wojnicz is a prisoner seeking redress from a governmental entity or its officers or employees." (citations omitted)). In addition, by intervening, Stewart avoids (whether intentionally or not) paying a filing fee or portion thereof. However, "[t]he intent of the [PLRA] was to deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants." *Montague v. Schofield*, No. 2:14-cv-292, 2015 WL 1879590, at *5 (E.D. Tenn. Apr. 22, 2015) (citations omitted).

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE