UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RANDY JONES, DON CARTER, ROBERT WINTERS, and JOHN BOATFIELD, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID R. ESQUIVEL, and HOWARD JEFFERSON ATKINS, <br><br> Defendants. | No. 1:23-cv-00112-TAV-SKL |

## REPORT AND RECOMMENDATION

Before the Court is a motion for class certification filed pro se by four prisoners, Randy Jones, Don Carter, Robert Winters, and John Boatfield ("Plaintiffs") [Doc. 16]. Plaintiffs claim they each received a sentence of lifetime imprisonment in Tennessee state courts prior to 2020. Plaintiffs are attempting to sue Howard Atkins ("Atkins") and a private attorney, David Esquivel ("Esquivel," and together with Atkins, "Defendants"),[1] pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b), the motion was referred for "determination or report and recommendation, as may be appropriate" [Doc. 24].

---

[1] Plaintiffs use the spelling "Esquivell," but the correct spelling is Esquivel. The Court uses the correct spelling even when quoting Plaintiffs' filings.

## I. BACKGROUND

As detailed in a prior report recommending denial of a motion to intervene by another prisoner [Doc. 11],[2] Esquivel, a private attorney, did not represent any of the current plaintiffs in their state court criminal proceedings.[3] In their complaint against Esquivel and Atkins, Plaintiffs allege:

> 27. Howard Jefferson Atkins filed in the Chancery Court of Davidson County, Nashville, Tennessee, requesting declaratory relief.
>
> 28. Attorney David R. Esquivel assisted Howard Jefferson Atkins in obtaining an agreed order to have all post -1995 life sentences calculated in accordance with a 2020 law.
>
> 29. This is a clear violation of Ex Post Facto and Attorney David R. Esquivel should not only be disbarred for allowing his client to agree to an Ex Post Facto violation but for representing all other inmates without knowledge; removing the original terms of their confinement, inflicting them with an Ex Post Facto violation, violating their constitutionally protected Due Process Rights, and inflicting them with cruel and unusual punishment.
>
> 30. All inmates in the Department of Corrections who were sentenced to a life sentence between 1995 and 2020 cannot have this 2020 law applied retroactively to them. This is in violation of Ex Post Facto clause. The recalculation of their sentence is illegal and voids the sentence entirely.
>
> 31. In 1995 the General Assembly passed a bill that required certain crimes to serve 85% of the sentence imposed by the Court.
>
>> (A) The 1995 Amendment to T.C.A. § 40-35-501 stated:

---

[2] The report and recommendation was amended merely to correct the style [Doc. 20]. Plaintiffs' objections have neither been responded to nor ruled upon to date.

[3] The Court acknowledges Plaintiffs' statement that Esquivel "was not representing Defendant Atkins in a state criminal case," but rather "Esquivel was appointed for the sole purpose of drafting and securing [an] agreed order for Assistant Attorney General, Andrew M. Mize and the Honorable Russell T. Perkins in the Chancery Court of Davidson County." [Doc. 17 at Page ID # 129]. Plaintiffs nevertheless assert in their complaint, quoted above, that Esquivel "assisted" Atkins, implying an attorney-client relationship.

2

> "(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995 that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the **sentence[] imposed** by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." (Emphasis added)

(B) The **2020** amendment to T.C.A. § 40-35-501 states:

> "(H)(2) There shall be no release eligibility for a person committing first degree murder, **on or after July 1, 1995,** receiving a sentence of imprisonment for life. The person shall serve one hundred percent (100%) of sixty years less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the **sentence imposed by the court** by more than fifteen percent (15%)." (Emphasis added).

32. No person of common intelligence would believe that the 1995 and 2020 clarification amendment, as stated above, have the same meaning and penalties.

33. This 1995 bill does not define a life sentence and it was never defined until the General Assembly passed what they called a clarification bill in 2020. Everyone sentenced to a life sentence between 1995 and 2020 cannot be calculated according to the 2020 law because it did not take effect until 2020.

34. In 1993 the General Assembly passed a sentencing law that REQUIRED the jury in a first degree murder case be told that upon conviction a defendant must serve a minimum of 25 years before being eligible for parole.

35. This law remained in effect and its application to Plaintiffs [was] protected by the constitution under Substantive Due Process, Equal Protection of the Law, Ex Post Facto and prohibition against cruel and unusual punishment.

3

Case 1:23-cv-00112-TAV-SKL   Document 25   Filed 08/30/23   Page 3 of 9   PageID #: 167

36. The General Assembly, in its wisdom, certainly has the right and power to direct the judicial process concerning the range of punishment resulting from a conviction of life or life without the possibility of parole not the Court, Attorneys, Sentence Management Services, or other inmates.

37. A defendant charged with first degree murder has a claimable statutory and constitutional right to not only know the punishment but to have the jury know the range of punishment applicable to the charges before deciding guilt or innocence. To have a defendant that is found guilty of a charge of murder in the first degree denied this right and then sentenced to a punishment greater than that mandated by statute is not only prejudice to the judicial process but violates the plaintiffs' substantial constitutional right of due process, violates the constitutional right to be free from cruel and unusual punishment, violates the constitutional right to equal protection of the law and violates the Plaintiffs constitutional rights secured under the United States Constitution.

. . . .

54. On September 30, 2022 the Chancery Court of Davidson County, Part IV issued a judgment and final Order based upon an agreed order by the Defendants.

55. The ORDER was agreed upon by Petitioner *Howard Jefferson Atkins*, Attorney *David R. Esquivel*, Assistant Tennessee Attorney General *Andrew M. Mize*.

56. Just within the past days Sentence Management services has applied this agreed order using "(HB 394/SB 453) **effective July 15, 2020** as Public Chapter 765)" to recalculate Plaintiffs sentence. However, Mr. Atkins sentence has been recalculated with a 25 minimum. This is in violation of Plaintiffs U.S. Constitutional rights secured under Ex Post Facto, Substantive Due Process Clause and prohibition against cruel and unusual punishment.

57. Mr. Atkins, Attorney *David R. Esquivel*, Assistant Attorney General *Andrew M. Mize* and the Honorable *Russell T. Perkins* do not represent the Plaintiffs and cannot use a 2020 law to violate the Plaintiffs U.S. Constitutional rights.

[Doc. 1 at Page ID # 5-6, 11 (footnotes omitted) (emphasis in original) (some alterations in original)].

In support of their verified motion for class certification, which was filed without a supporting memorandum of law, Plaintiffs state only that they incorporate the allegations of paragraphs one through five of the "Class Action Status" of their complaint "demonstrating compliance with all the requirements of Rule 23, and with the requirements of subdivision (b)(1)(A) and (B) of Rule 23 for maintaining a class action under that subdivision." [Doc. 16 at Page ID # 122]. Assuming Plaintiffs intended to refer to their class action allegations at paragraphs 20-26 of their complaint in this matter, those allegations state:

> 20. Plaintiffs seek relief from the wrongdoing of Defendants for themselves and for all members of the inmate class through Rule 23 of the Federal Rules of Civil Procedure. The putative classes meet the statutory prerequisites of Fed. R. Civ. P. 23(a), as set forth herein.
>
> 21. Plaintiff brings this action as a class action on behalf of all inmates in the custody of the Tennessee Department of Correction who are serving a life sentence under the Sentence Reform Act of 1989 until 2021[.]
>
> 22. The number and identity of putative Class members is easily ascertainable through discovery.
>
> 23. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of members in the proposed Class. Records identifying the members of the Class are in the possession of the Tennessee Department of Correction.
>
> 24. Plaintiffs['] claims are typical of the claims of the members of the Class, as all members of the Class are identically affected by Defendants wrongful conduct in violation of federal law and the United States Constitution that is complained of herein.
>
> 25. Plaintiffs will fairly and adequately protect the interests of the members of the Class.
>
> 26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting

5

> individual members of the Class. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable in no small part due to his (sic) current incarceration. There will be no difficulty in the management of this action as a class action.

[Doc. 1 at Page ID # 4-5].

Plaintiffs filed the complaint and paid the filing fee on May 10, 2023. The Clerk issued summonses to Plaintiffs on May 22, 2023 [Doc. 6]. Also on May 22, 2023, Plaintiffs filed a notice stating they "have sent the Defendants a Waiver of the service of summons along with the complaint and the prepaid service by mail to return the waiver form." [Doc. 7 at Page ID # 78]. To date, no waiver of service form has been filed. However, the summonses (which each listed both Defendants) were returned, allegedly "executed" by certified mail to a prison and to Bass, Berry, & Sims [Doc. 12 & Doc. 13]. Neither Defendant has filed an answer or had counsel file an appearance on their behalf.

As the Court previously addressed, it is not entirely clear whether Atkins or Esquivel have been properly served [Doc. 22 at Page ID # 154]. Federal Rule of Civil Procedure 4(e) provides that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Tennessee permits service of process by certified mail "under certain circumstances." *DeVillez v. Dolgen Corp., LLC*, No. 3:22-cv-00557, 2023 WL 322445, at *4 (M.D. Tenn. Jan. 19, 2023) (citing Tenn. R. Civ. P. 4.04(10)), report and recommendation adopted, 2023 WL 2059629 (M.D. Tenn. Feb. 16, 2023). That is, service by mail is only complete "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute." Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (noting Rule 4.03 sets forth a "mandatory requirement," and that typically "when the

person to be served is an individual, the rule seems to require that the return receipt be signed by the defendant and no one else" (citations omitted)).

Although Plaintiffs indicate they mailed the summons and complaint to Atkins's address at the NECX prison in Mountain City [Doc. 12 at Page ID # 101], the two return receipts in the record reflect a Nashville address [*id.* at Page ID # 105; Doc. 13 at Page ID # 112]. Both filed return receipts have the same "Article Number," or package number, even though other pages in the record indicate there was a separate Article Number for each summons/complaint package mailed [Doc. 12 at Page ID # 103 (package number ending -8549 for Esquivel); Doc. 13 at Page ID # 111 (package number ending -8556 for Atkins)]. In other words, Plaintiffs may have mistakenly filed the same return receipt twice, and it appears to be related to the package allegedly mailed to Esquivel. In addition, both copies of the return receipt reflect they were signed by an individual with the last name "Cooper" [Doc. 12 at Page ID # 105; Doc. 13 at Page ID # 112]. The record does not indicate Cooper is "a person designated by Rule 4.04 or by statute" to receive service on behalf of Atkins or Esquivel. *See* Tenn. R. Civ. P. 4.03(2). While lack of service is another potential reason to deny class certification, the Court need not decide this issue in the context of the instant motion to certify a class.[4]

## II. ANALYSIS

For a case to proceed as a class action, several requirements must be met, including that "representative parties will fairly and adequately protect the interests" of any class that may be certified. *See* Fed. R. Civ. P. 23(a)(4). However, Plaintiffs are prisoners proceeding pro se, and the Sixth Circuit has long held that pro se inmates are "not able adequately to represent the

---

[4] Whether Defendants have been properly served is unclear, but it is clear the 90-day time limit for service has run pursuant to Federal Rule of Civil Procedure 4(m).

proposed class." *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")); *accord Boussum v. Washington*, No. 1:22-cv-12232, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023) (holding that a "prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action" (citing *Heard*, 351 F. App'x at 15; *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (holding "pro se prisoners are not able to represent fairly the class")).

For this reason alone the Court must deny Plaintiffs' request for class certification. It is worth noting that in a case in the Middle District of Tennessee (case no. 3:19-cv-00174), also involving claims related to life sentences in Tennessee, the court found that joinder of approximately fourteen pro se prisoner plaintiffs was improper. Two of the four Plaintiffs in this case were plaintiffs in the Middle District case, but they assert their claims have been severed due to misjoinder [Doc. 17 at Page ID # 128].

Moreover, and as noted in the prior report and recommendation on the motion to intervene, Plaintiffs have not articulated any reasonable theory for holding the named Defendants—again, a private attorney and his client—liable pursuant to 42 U.S.C. § 1983. That is, Plaintiffs have not adequately explained how the named Defendants are state actors or how their actions in reaching

8

an agreement in Defendant Atkins's state court case makes them responsible for the allegedly unconstitutional nature of Tennessee's criminal sentencing statutes.[5]

Accordingly, I **RECOMMEND**[6] that Plaintiffs' motion for class certification [Doc. 16] be **DENIED**.[7]

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[5] By paying the filing fee and not naming government defendants, Plaintiffs avoid (whether intentionally or not) screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A. *See Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (holding that the "district court properly applied § 1915A because Wojnicz is a prisoner seeking redress from a governmental entity or its officers or employees." (citations omitted)). Although all Plaintiffs are currently housed at the same prison and have jointly signed all filings, in the future the Court may need to address the problems encountered in allowing a case to proceed as a multi-prisoner civil action given the assessment of a single filing fee. *See, e.g., Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *5 (E.D. Tenn. Apr. 22, 2015) (citing *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that the PLRA, enacted to deter frivolous lawsuits by prisoners, does not allow multiple prisoners to join claims in a single § 1983 action so as to split filing fees but requires payment of the full filing fee by each individual prisoner)); *Hagan v. Rogers*, 570 F.3d 146, 154-55 (3d Cir. 2009) (finding that while the PLRA does not prohibit joinder of claims by prisoners proceeding *in forma pauperis*, it does not allow split filing fees so that each prisoner plaintiff must pay the full filing fee); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004) (same)).

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[7] The Court recently denied Plaintiffs' request for appointed counsel [Doc. 14]. Unlike some other courts, this Court does not have a civil appointments panel from which to draw appointed counsel in civil cases. If Plaintiffs are able to retain or obtain pro bono counsel in the future, counsel might seek to revisit this issue.