UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RANDY JONES,                        )
DON CARTER,                         )
ROBERT WINTERS, and                 )
JOHN BOATFIELD,                     )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )          No.:   1:23-CV-112-TAV-SKL
                                    )
DAVID R. ESQUIVEL and               )
HOWARD JEFFERSON ATKINS,            )
                                    )
          Defendants.               )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of the Amended Report and

Recommendation (the "First R&R") entered by Chief United States Magistrate Judge Susan

K. Lee on July 13, 2023 [Doc. 20].[1] Also before the Court is the Report and Recommendation

entered by Judge Lee on August 30, 2023 (the "Second R&R"). The Court will initially

address the First R&R and plaintiffs' corresponding objections and then consider the Second

R&R.

## I.     The First R&R

In the First R&R, Judge Lee recommends that Michael Stewart's motion for leave to

intervene as a member of the class and for other relief [Doc. 8] be denied without prejudice.

---

[1] A report and recommendation was entered on June 28, 2023 [Doc. 11]. Plaintiffs filed objections on July 12, 2023 [Doc. 17]. An amended R&R was entered thereafter for the purposes of correcting a scrivener's error in the case caption of the original report and recommendation, but the substance of the report and recommendation did not change [*See* Doc. 20, p. 1 n.1]. Thus, the Court construes the amended R&R [Doc. 20] as the operative R&R in this case and will analyze plaintiffs' objections in conjunction with the amended R&R [*Id.*].

Plaintiffs, proceeding *pro se* in this matter, filed objections to the First R&R [Doc. 17]. The matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, plaintiffs' objections [Doc. 17] are **OVERRULED** and the Court **ACCEPTS** and **ADOPTS** the First R&R [Doc. 20], in whole.

### A. Standard of Review

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted). A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Once a proper objection has been raised, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court considers the First R&R, the complaint, and plaintiffs'

objections, all in light of the applicable law.  The Court is also mindful that because plaintiffs are proceeding *pro se*, their pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  However, plaintiffs' *pro se* status do not exempt them from the requirement of complying with relevant rules of procedural and substantive law.  *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

### B.    Analysis

Liberally construing plaintiffs' objections, the Court discerns that the majority are irrelevant to the merits of the underlying motion to intervene [Doc. 17 ¶¶ 1, 3, 5, 7–9].  In particular, the Court construes paragraphs one, three, and nine as mere assertions about the allegations in plaintiffs' complaint and their understanding of portions of the First R&R, all of which are unrelated to the underlying motion [*Id.* ¶¶ 1, 3, 9].  Additionally, plaintiffs do not object to, but rather agree with Judge Lee's analysis about their inability to proceed as a class unless they are represented by counsel [*Id.* ¶ 5].[2]  Further, without any explanation, plaintiffs summarily object to the assertion that they have failed to explain how defendants are state actors [*Id.* ¶ 7].[3]  Because none of these purported "objections" take issue with specific portions of the First R&R, they are **OVERRULED**.

---

[2]  Plaintiffs are not represented by counsel in this matter.  Additionally, as described further below, the Court will accept in whole the Second R&R [Doc 25], which recommends that plaintiffs' motion for class certification be denied.

[3]  The Court also notes that paragraph eight contains no objection at all; plaintiffs merely state they are "deeply saddened" [Doc. 17 ¶ 8].

3

In paragraph two, plaintiffs broadly assert, "This is not a void for vagueness complaint," without citing to the First R&R [*Id.* ¶ 2]. Accordingly, plaintiffs have not "pinpointed" to a specific portion of the First R&R for the Court to review *de novo*. *See Mira*, 806 F.2d at 637.

Nonetheless, upon the Court's review of the First R&R and liberally construing the complaint, it discerns that Judge Lee reasonably has construed the complaint as including a void-for-vagueness claim [Doc. 20, p. 8; Doc. 1 ¶ 60 ("Tennessee Code Annotated § 40-35-501(i)(1) is unclear as to whether it imposed a sentence greater than twenty-five (25) years imposed under § 39-13-204, nor was TCA § 39-13-204 amended to coincide with this new amendment")]. In particular, the complaint alleges violations of the Fourteenth Amendment and describes in detail the vague nature of Tennessee sentencing statutes [*Id.* ¶¶ 18, 41, 46, 49; Doc. 17 ¶ 1]. Further, and contrary to plaintiffs' "objection," Stewart's motion to intervene states, "[T]he current complaint alleges violations of constitutional rights including the vagueness of the 1989 statutes related to life sentences" [Doc. 8, pp. 2, 5]. Indeed, plaintiffs' "objection" fails to acknowledge both the language in their own complaint and Stewart's motion, which is based almost entirely on a vagueness challenge that Stewart perceives as being alleged in the complaint [*See id.*].

To the extent plaintiffs wish to pursue a void-for-vagueness claim, plaintiffs have not specifically objected to Judge Lee's finding that the value of another *pro se* plaintiff asserting a void-for-vagueness claim is unclear at this stage [*See* Doc. 20, p. 8]. And even if plaintiffs have chosen to abandon a void-for-vagueness claim, they have not explained why it would be

4

"dispositive and contentious" in resolving the motion to intervene. *See Miller*, 50 F.3d at 380. In light of the above, this objection is **OVERRULED**.

Plaintiffs next object to Judge Lee's synopsis of a case pending in the Middle District of Tennessee that purportedly involves two of the plaintiffs in this case, as well as Stewart [Doc. 20, p. 7 (citing *Harris v. State of Tennessee*, No. 3:19-cv-174 (M.D. Tenn. June 8, 2023)]. Plaintiffs state that they are no longer plaintiffs in the Middle District of Tennessee case because they were removed due to misjoinder of parties [Doc. 17 ¶ 6]. The Court does not see (and plaintiffs do not explain) how their status in a different case in another district impacts the First R&R's analysis of the underlying motion to intervene. Accordingly, plaintiffs' objection is **OVERRULED**.

Plaintiffs further object to the First R&R's comparison of the instant case to the case in the Middle District of Tennessee.[4] First, the Court does not construe this as an objection but rather as supplying additional context to the First R&R's description of the case. Second, plaintiffs do not explain why the additional context is dispositive in resolving the underlying motion. *See Miller*, 50 F.3d at 380. Further, the First R&R highlights additional challenges to "multi-pro-se-prisoner-plaintiff" cases like this one; challenges to which plaintiffs did not

---

[4] In the First R&R, Judge Lee states that the district court in that case, which involved similar claims, found that joinder of approximately fourteen *pro se* prisoner plaintiffs was improper. In that case, the district court concluded that not all plaintiffs asserted relief arising out of the same transaction, occurrence, or series of transactions or occurrences in compliance with Federal Rule of Civil Procedure 20 and found the amended complaint reflected misjoinder of parties. *Harris v. State of Tennessee*, No. 3:19-cv-174 (October 27, 2022). Unlike that case, plaintiffs assert that this case involves just one transaction and approximately 2,000 plaintiffs and "all these individuals should be joined without request" [*Id.* ¶ 6].

object and independently weigh against permitting intervention [Doc. 20, pp. 6–8]. Accordingly, plaintiffs' objection is **OVERRULED**.

Finally, plaintiffs object to Judge Lee's assertion that no waivers of service or affidavits of service have been filed and contend that defendants received the complaint [Doc. 17 ¶ 4 (citing Doc. 20, p. 5)]. Since the First R&R was entered on June 28, 2023, summonses were returned executed as to defendants Atkins and Esquivel [Docs. 12, 13]. However, upon the Court's review of the record, the First R&R, and plaintiffs' objections to which they attach documentation related to service of process [Doc. 17, pp. 8–13], the Court was unable to discern whether service of process was properly effectuated.

As a result, the Court issued a show cause order on October 20, 2023 [Doc. 27], to which plaintiffs responded on October 27, 2023 [Doc. 28]. On October 30, 2023, the Court entered an order explaining why it was unable to conclude that service of process was properly effectuated and giving plaintiffs an additional thirty (30) days to serve defendants [Doc. 29].

To date, neither defendant has filed a waiver of summons. Although the record reflects that packages were sent to defendants by certified mail, the return receipts do not bear either defendant's signature [Docs. 12, 13, 17, 28]. *See* Tenn. R. Civ. P. 4.03(2). Further, the record does not indicate that the individuals who signed the return receipts are authorized to receive service of process on behalf of either defendant [Doc. 12, p. 6; Doc. 13, p. 6; Doc. 17, pp. 8, 13; Doc. 28, pp. 7–8]. *See id*. It also does not appear that the signatories checked either box next to the signature line on the return receipts denoting whether the signatory was an "Agent" or "Addressee" [*Id.*]. Additionally, plaintiffs did not request an adult signature or send the package certified mail with restricted delivery [Doc. 28, pp. 7–8].

6

According to the plain language of Tennessee Rule of Civil Procedure 4.03(2), service is not "complete" unless the signatory of the return receipt was the defendant or "a person designated by Rule 4.04." *Hall v. Haynes*, 319 S.W.3d 564, 578 (Tenn. 2010); *see also Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010) ("While the Tennessee Rules of Civil Procedure permit service by mail, unless the package is actually received and signed for by the defendant or his "authorized agent," service of process is not effective.") (citing *Massey v. Hess*, No. 1:05-cv-249, 2006 WL 2370205, *3 (E.D. Tenn. Aug. 14, 2006)). Based on the record, there is no evidence that the individuals who signed the packages were defendants' authorized agents and that service has been properly effectuated. As a result, the objection is **OVERRULED**.

For the reasons stated above, plaintiffs' objections [Doc. 17] are **OVERRULED** and the Court **ACCEPTS** and **ADOPTS** the First R&R [Docs. 11, 20], in whole.

## II.     The Second R&R

In the Second R&R [Doc. 25], Judge Lee recommends that plaintiffs' Motion to Certify Class [Doc. 16] be denied. There have been no timely objections to the Second R&R, and enough time has passed since the filing of the Second R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. After a careful review of the matter, the Court agrees with Judge Lee's recommendations and **ACCEPTS** and **ADOPTS** the Second R&R [Doc. 25], in whole. Accordingly, plaintiffs' Motion to Certify Class [Doc. 16] is **DENIED**.

7

### III. Conclusion

For the reasons stated above, plaintiffs' objections to the First R&R [Doc. 17] are **OVERRULED** and the Court **ACCEPTS** and **ADOPTS** the First R&R [Docs. 11, 20], in whole. Michael Stewart's motion for leave to intervene as a member of the class and for other relief [Doc. 8] is **DENIED without prejudice**. Additionally, the Court **ACCEPTS** and **ADOPTS** the Second R&R [Doc. 25], in whole, and plaintiffs' Motion to Certify Class [Doc. 16] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE