UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RANDY JONES,                          )
DON CARTER,                           )
ROBERT WINTERS, and                   )
JOHN BOATFIELD,                       )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )       No.:   1:23-CV-112-TAV-SKL
                                      )
DAVID R. ESQUIVEL and                 )
HOWARD JEFFERSON ATKINS,              )
                                      )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on plaintiffs' motion to amend their complaint
[Doc. 32] and their response to the Court's most recent show cause order [Doc. 35].

I.      **Motion to Amend**

The Court finds that plaintiffs' motion to amend [Doc. 32] is moot because it
appears that plaintiffs are entitled to amend their complaint once without leave of Court.
Pursuant to Federal Rule of Civil Procedure 15(a)(1), plaintiffs may file an amended
complaint once as a matter of right within 21 days after serving the original complaint, or
within 21 days of being served with a responsive pleading or a motion under Rule 12(b),
(e), or (f), whichever is earlier. "In all other cases, . . . [t]he court should freely give leave
[to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)–(2). Given that defendants
have not yet been served with process or filed a responsive pleading in this matter, the
Court finds that its permission is not required for plaintiffs to file their amended complaint.

*See Tolliver v Noble*, 752 F. App'x 254, 262 (6th Cir. 2018) (finding a pro se prisoner "was free to file an amended complaint as a matter of right at any time before his complaint was dismissed[,]" where he had not served his original complaint, and no party had filed a response).[1]

Accordingly, the Clerk is directed to terminate the motion to amend [Doc. 32] and file plaintiffs' amended complaint as a separate docket entry [Doc. 32-1].

## II.    Service of Process

In short, service of process has proven to be a substantial challenge for plaintiffs in this case, which was initiated nearly a year ago.  Plaintiffs are currently incarcerated and represent themselves in this matter without counsel.  Because they paid the filing fee upon filing their complaint [Doc. 1], plaintiffs do not proceed *in forma pauperis*, and they do not have the benefit, by default, of the United States Marshals Service ("USMS") effectuating service of process on their behalf.

The Court has given plaintiffs several opportunities to either demonstrate that they have served defendants with process in accordance with the Federal Rules of Civil Procedure or show good cause as to why service has not been effectuated [*see* Docs. 27, 29, 34].

Upon review of plaintiffs' notice of service filed on December 6, 2023 [Doc. 33], the Court determined that their latest effort to serve defendants by mail again fell short of what is required under the Federal Rules and Tennessee Rules of Civil Procedure [Doc.

---

[1] In *Tolliver*, the Sixth Circuit also found courts may grant leave to amend even if the inmate's complaint is otherwise subject to dismissal under the Prison Litigation Reform Act.  *Id*.

34].  One of the issues is that the individuals who signed the return receipts on behalf of defendants are not the named defendants themselves, and plaintiffs submit no evidence that the signatories are authorized to receive service of process on defendants' behalf [*Id.*]. Another issue is that plaintiffs only filed return receipts following their latest service efforts and failed to return an "affidavit of the person making service setting forth the person's compliance with the requirements" of Rule 4.03(2) of the Tennessee Rules of Civil Procedure [*see id.*; *see also* Doc. 33].

In response to the Court's order, plaintiffs do not provide evidence demonstrating that defendants had been served by mail [Doc. 35].  Despite the Court's repeated efforts to explain why plaintiffs have not properly serve defendants with process, plaintiffs complain it is "OBIVIOUS" their first summons and filings were adequate, and they believe they are being held to "heightened scrutiny with each filing" despite their pro se status [*Id.* at 3–4 (emphasis and typographical error in original)].[2]  Plaintiffs further state that the mail "is the only means pro se, imprisoned" plaintiffs like themselves have to effectuate service [*Id.* at 3].  In the event service is deemed insufficient, plaintiffs ask the Court to direct the USMS to serve defendants, claiming they will pay any associated fees [*Id.* at 4].

Liberally construing plaintiffs' latest filing, as the Court is required to do for pro se litigants, the Court considers their request to have the USMS serve defendants as arising

---

[2]  Plaintiffs cite to a case in the Middle District of Tennessee where service was attempted by the USMS on behalf of a pro se plaintiff proceeding *in forma pauperis*, but no return receipt was returned [Doc. 35, p. 3].  *See Nunley v. Rausch*, 3:23-cv-100 (M.D. Tenn. Aug. 28, 2023). Upon review of the docket in that case, the court did not affirmatively make a finding as to whether service of process was effectuated.

under Federal Rule of Civil Procedure 4(c)(3), which authorizes the Court to order service by the USMS in certain circumstances. "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3).

In this case, plaintiffs are not proceeding *in forma pauperis*, which means the Court is not required to order the USMS to effectuate service of process on defendants. Nevertheless, courts have recognized that Rule 4(c)(3) "give[s] the court discretion, '[a]t the plaintiff's request,' to order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis." *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (second alteration in original) (quoting Fed. R. Civ. P. 4(c)(3)); *see also Vick v. Bernard*, No. 2:15-CV-116, 2018 WL 9811676, at *2 (E.D. Tenn. Mar. 26, 2018) (quoting *Yates*, 633 F.3d at 672). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." *Cummings v. Keefer*, No. 3:22-CV-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)). While discretionary service by the USMS under Rule 4(c)(3) "is typically for situations involving hostile defendants, courts may allow its use in other circumstances." *Id.* (quoting 4A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 1090 (4th ed. updated Apr. 2022)). Such circumstances may include when a plaintiff has tried to serve a defendant several times by various means prior to requesting relief under Rule 4(c)(3). *See id.* at *2 (concluding that service by the USMS was a

"reasonable next step" where the plaintiff attempted to serve the defendant "by private means on several occasions and by using multiple available methods before requesting the Marshals Service's assistance").

"[P]ersonal service is Tennessee's *preferred* method for serving process." *See Harmer v. Colom*, 650 F. App'x 267, 272–73 (6th Cir. 2016) (emphasis in original) (citing *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010)). Yet, plaintiffs have unsuccessfully attempted service by mail three times. *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) (explaining that the plaintiff "bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant" and that such person is "usually a commercial process server plaintiff has contracted with to effectuate service for a fee"). According to plaintiffs, service by mail "is the only means pro se, imprisoned" plaintiffs like themselves have to effectuate service [Doc. 35, p. 3].

In light of three unsuccessful efforts by plaintiffs to serve defendants, and considering their unique circumstances and limitations because of their incarceration, the Court finds there is good cause to exercise its discretion in this case and order the USMS *personally*[3] serve defendants on plaintiffs' behalf. In so holding, the Court notes that plaintiffs filed their case nearly one year ago and have not been dilatory in their efforts, albeit unsuccessful, to serve defendants. However, plaintiffs will be responsible for the costs incurred by the USMS in effectuating service on defendants.

---

[3] The Court entertained the option of the USMS effectuating service by mail on behalf of plaintiffs. However, given plaintiffs' three unsuccessful attempts at service by mail, with individuals other than the named defendants signing the return receipts on behalf of defendants, the Court doubts that service by mail, even by the USMS, would be successful here.

### III.  Conclusion

In light of the above, the Court hereby **ORDERS** the following:

1. The Clerk is **DIRECTED** to **TERMINATE** the motion to amend [Doc. 32] and file plaintiffs' amended complaint [Doc. 32-1] as a separate docket entry.

2. Plaintiff's request for service by the USMS [Doc. 35] is **GRANTED**.

3. The Clerk's Office is hereby **DIRECTED** to mail plaintiffs new service packages (a blank summons and Form USM-285) for each defendant.

4. Plaintiffs are **DIRECTED** to complete the service packages (a blank summons and Form USM-285) for each defendant and return them to the Clerk's Office within **twenty (20) days** of this Order.

5. Upon receipt, the Clerk is **DIRECTED** to sign, seal, and forward the completed service packets, along with **both** the original complaint [Doc. 1] and the amended complaint [Doc. 32-1], to the USMS for service.

6. Upon receipt, the USMS is **DIRECTED** to **personally** serve defendants. The USMS **SHALL** serve defendants with copies of **both the original complaint** [Doc. 1] and **amended complaint** [Doc. 32-1].

7. Plaintiffs **SHALL** bear the costs of the service by the USMS.  Upon receipt of the billing statement from the USMS, it is **ORDERED** that plaintiffs are responsible for paying the fees associated with service by the USMS.

8. Finally, the scheduling order entered on August 15, 2023 [Doc. 23] is hereby **VACATED**.

Plaintiffs are cautioned that failure to timely comply with this Order shall result in the dismissal of this action without further notice.  *See* Fed. R. Civ. P. 4(m), 41(b).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE