UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| RANDY JONES, DON CARTER, ROBERT WINTERS, and JOHN BOATFIELD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:23-cv-00112-TAV-SKL |
| DAVID R. ESQUIVEL, and HOWARD JEFFERSON ATKINS, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiffs' Motion for Sanctions [Doc. 45]. Defendants filed a response in opposition [Doc. 46]. Plaintiffs did not file a reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. This matter is now ripe.

Plaintiffs seek to impose a $1000 monetary sanction against Defendants on the basis that Defendants did not properly serve Plaintiffs with a previously-filed motion for an extension of time to respond to Plaintiffs' amended complaint. Plaintiffs learned about Defendants' motion when they received a copy of the Court's order granting it [Doc. 41].[1] In a sworn declaration attached to their response, Defendants explain they did attempt to serve Plaintiffs with copies of the motion by U.S. Mail the same day the motion was filed, August 6, 2024 [*see* Doc. 46]. However, Defendants unintentionally failed to include the Plaintiffs' TDOC numbers on the envelopes. The copies and envelopes were therefore returned to sender on September 5, 2024.

---

[1] After receiving no response from Plaintiffs to Defendants' motion for an extension of time, the Court granted the motion as unopposed [Doc. 41].

Defendants immediately re-sent copies of the motion to Plaintiffs, this time including Plaintiffs' TDOC numbers.

The record reflects Defendants made an unintentional blunder by failing to include the TDOC numbers on the envelopes they mailed to Plaintiffs—a mistake they immediately corrected upon discovering it. Plaintiffs did not file a reply to dispute that they have now received a copy of the underlying motion. Moreover, Plaintiffs do not allege any prejudice related to the extension of time Defendants received pursuant to the Court's order granting Defendants' underlying motion, nor do they offer any argument as to why the motion should have been denied. Finally, Plaintiffs evidently did not comply with Federal Rule of Civil Procedure 11(c)(2) by serving Defendants with the Motion for Sanctions 21 days before filing it. *See also Darnell v. Arthur*, 782 F. App'x 413, 415-16 (6th Cir. 2019) ("Rule 11(c)(2) requires that a motion for sanctions be served on opposing counsel twenty-one days prior to filing with the court.").

In short, there is no just reason to impose the requested monetary sanction on Defendants under the circumstances. Accordingly, Plaintiffs' motion [Doc. 45] is therefore **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*<br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE